UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
UNITED STATES OF AMERICA              :
                                      :    20cr179 (DLC)
            -v-                       :
                                      :    OPINION AND
VICTOR AHAIWE,                        :       ORDER
                                      :
                        Defendant.    :
                                      :
------------------------------------- X

APPEARANCES:

For the Government:
Jun Xiang
Kevin Bowmar Mead
Michael McGinnis
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

For defendant Victor Ahaiwe:
Esereosonobrughue Joy Onaodowan
The Law Offices of Onaodowan and Delince, PLLC
1370 Broadway
New York, NY 10018

Karloff Cylton Commissiong
Adams & Commissiong LLP
65 Broadway Ste 1603
New York, NY 10006

DENISE COTE, District Judge:

    Victor Ahaiwe ("Ahaiwe") was indicted on March 4, 2020 on one count of conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 1349; one count of conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h); and one count of aggravated

identify theft in violation of Title 18, United States Code, Section 1028A. Ahaiwe's trial is scheduled to begin on June 7, 2021. This Opinion addresses the parties' motions in limine.

The charges against Ahaiwe arise from a business email compromise scheme and the money laundered from that scheme. On or around March 6, 2019, the victim of the scheme transferred almost $500,000 to a bank account controlled by Ahaiwe's codefendant Arinze Obika. On or around March 14, $169,000 of that fraudulently obtained money was deposited into a Wells Fargo bank account ("Wells Fargo Account") controlled by another Ahaiwe codefendant, Herman Bass ("Bass").

On or around March 23 and March 25, Bass wrote two $50,000 checks from the Wells Fargo Account to "Fatah Paramole" ("Paramole"), who had died in early January. Those two checks, totaling $100,000, were deposited into a bank account in Paramole's name (the "BofA Paramole Account"). The Government intends to offer evidence that Ahaiwe controlled that account. In April 2019, funds from the BofA Paramole Account were transferred into several other bank accounts, including (1) other accounts in Paramole's name (the "Other Paramole Accounts"), which were also controlled by Ahaiwe; (2) an account controlled by Bass; and (3) an account in the name of "Ideal Business Circuits," a business controlled by Ahaiwe.

2

The Government seeks to offer into evidence the following items that were uncovered during a search of Ahaiwe's home and office: (1) a fake driver's license with Ahaiwe's photograph and Paramole's name; (2) identity and Social Security cards belonging to Paramole and others, and (3) an embossing machine, which is used to make fake identification documents and credit cards. Finally, the Government seeks to offer bank records demonstrating that Ahaiwe controlled the bank accounts of the "Other Victims" of fraud and transferred money from those accounts to the Other Paramole Accounts he also controlled. The Government will offer evidence that Ahaiwe stole the identities of the Other Victims during the time period of the charged offenses.

On December 21, 2018, the FBI interviewed Ahaiwe in connection with business email compromise schemes. The FBI questioned Ahaiwe about seven wire transfers of large amounts of money into bank accounts that Ahaiwe admitted he controlled. At the interview, the FBI gave Ahaiwe a "money mule letter" ("Mule Letter"), which informed him that he or persons associated with him may be engaged in fraudulent activity. The letter stated: "your receipt of this letter will be taken into consideration should you continue to be involved in the activities described above or in any similar future activity."

3

Finally, as relevant to the pending motions in limine, the Government seeks to offer summary financial testimony about bank records by a law enforcement witness. Although the witness would also qualify as an expert, the Government does not intend for the witness to provide testimony in the form of an expert opinion.

On May 17, 2021, Ahaiwe and the Government filed motions in limine related to evidence of (1) devices used to make fraudulent credit cards or identification documents seized from Ahaiwe's home and office, (2) Ahaiwe's pre-arrest FBI interview, (3) Ahaiwe's use of identities belonging to the Other Victims, and (4) the summary financial testimony by a law enforcement witness. The Government has also moved to preclude Ahaiwe from mentioning in his opening statement or offering evidence or argument about prior good acts, his family background, his health, or possible punishment if convicted. The defendant has moved to require the Government to produce Brady and Giglio information.

## Discussion

The parties dispute whether the evidence the Government seeks to offer is direct evidence of the defendant's commission of the charged offenses or only admissible (if at all) as similar act evidence pursuant to Fed. R. Evid 404(b). Evidence

that is "inextricably linked with the evidence offered to prove the charged offense . . . is admissible without reference to Rule 404(b)." United States v. Quinones, 511 F.3d 289, 309 (2d Cir. 2007). In such circumstances, "the uncharged crime evidence is necessary to complete the story of the crime on trial . . . ." Id. (citation omitted). Similarly, "relevant background evidence" is admissible and "outside the ambit of Rule 404(b)." United States v. Romero-Padilla, 583 F.3d 126, 130 (2d Cir. 2009).

Evidence of a defendant's "other crime, wrong or act" is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But evidence related to the defendant's other criminal conduct "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "The Second Circuit's 'inclusionary rule' allows the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." United States v. Lyle, 919 F.3d 716, 736 (2d Cir. 2019) (citation omitted).

Specifically, a "court can . . . admit evidence of prior acts as probative of knowledge and intent if the evidence is relevant to the charged offense, i.e., if there is a similarity or connection between the charged and uncharged acts." United States v. Dupree, 870 F.3d 62, 76 (2d Cir. 2017).

The Government bears the burden to prove each element of the offense, including a defendant's knowledge and intent when they are elements of the charged offense. A defendant may, however, forestall the admission of Rule 404(b) evidence "by advancing a theory that makes clear that the object the 404(b) evidence seeks to establish, while technically at issue, is not really in dispute." United States v. Siddiqui, 699 F.3d 690, 702 (2d Cir. 2012). Even then, however, the evidence may remain relevant and admissible for other purposes. Id. Moreover, unless a defendant makes "a statement to the court of sufficient clarity" to indicate that an issue, such as intent and knowledge, will not be disputed, "those issues remain[] sufficiently in dispute for the similar acts evidence to be relevant and hence admissible." United States v. McCallum, 584 F.3d 471, 475-76 (2d Cir. 2009). A defendant may not use "ambiguity tactically" to remove an issue from the jury. United States v. Paulino, 445 F.3d 211, 222 (2d Cir. 2006).

The evidence regarding Other Victims is admissible as direct evidence to the extent that funds stolen from the Other Victims flowed into any of the Other Paramole Accounts. Similarly, the evidence that Ahaiwe possessed equipment to manufacture fake credit cards and forms of identification and had such fabricated documents is direct evidence of the crimes charged. That same evidence is also admissible under Fed. R. Evid. 404(b) to show the defendant's knowledge, intent and absence of mistake, opportunity, preparation, and plan.

Ahaiwe's FBI interview and the Mule Letter are also admissible as direct evidence of Ahaiwe's state of mind when he received funds just four months later. Ahaiwe argues that he has not yet claimed that his conduct has an innocent explanation and that he has no obligation to put on a defense case. He misunderstands the relevance of the proffered evidence. Until the defendant unambiguously removes an element of the crime from those issues which the jury must find, the burden remains on the Government to prove the element beyond a reasonable doubt. As a result, the Government retains the burden to prove the defendant's knowledge and intent and this evidence is admissible.

The defendant's motion to preclude the summary financial document witness is denied. "[S]ummary witnesses may testify

using 'a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.'" United States v. Lebedev, 932 F.3d 40, 50 (2d Cir. 2019) (quoting Fed. R. Evid. 1006). Such testimony is not expert testimony. Id.

The Government's motions to preclude defense counsel from making certain statements in its opening statement or in its questioning of witnesses is granted with the following exceptions. Should the defendant call character witnesses, their testimony will be governed by the customary rules for such witnesses. And, should the defendant take the stand, he will be permitted to describe his background to the jury, again under the customary limitations on such testimony. The defendant may not, however, "seek to establish his innocence[] . . . through proof of the absence of criminal acts on specific occasions." United States v. Scarpa, 897 F.2d 63, 70 (2d Cir. 1990).

Finally, the Government acknowledges its awareness of its Brady and Giglio obligations. No further ruling is required.

## Conclusion

The Government's May 17 motions in limine are granted and the defendant's May 17 motions in limine are denied.

Dated: New York, New York
May 26, 2021

*/s/ Denise Cote*
DENISE COTE
United States District Judge