# LEONARDO M. ALDRIDGE
Attorney-At-Law
20 Vesey St., Suite 400
New York, N.Y. 10007

September 24, 2021

**BY ECF**
Hon. Denise L. Cote
U.S. District Judge
Southern District of New York
Daniel Patrick Moynihan
U.S. Courthouse, 500 Pearl St.
New York, NY 10007-1312

Re: U.S. v. Victor Ahaiwe, Cr. No. 20-179 (DLC)

Your Honor:

On September 15, I was appointed as new counsel for Mr. Victor Ahaiwe under the Criminal Justice Act. On that date, this Honorable Court entered an order, at Docket No. 411, directing me to assess with Mr. Ahaiwe "whether the defendant intends to file a motion for a new trial based on ineffective assistance of counsel or wishes to proceed to sentencing." The order also directed both the government and new counsel to file a joint status report today.

On September 21, I spoke to Mr. Ahaiwe through video conference. On September 22, I spoke to the two attorneys who tried the case: Esereosonobrughue Joy Onaodowan and Karloff Cylton Commissiong. I have also conducted extensive research on whether, procedurally, Mr. Ahaiwe can, at this post-conviction but pre-sentencing stage, successfully prosecute an ineffective assistance of counsel claim.

I write this letter seeking an extension of time to communicate whether Mr. Ahaiwe will proceed to sentencing or continue his intentions of moving for a new trial based on ineffective assistance of counsel. The government, as per AUSA Kevin Mead, does not oppose the requested extension of time.

There are several reasons why the one-week extension of time to relay a final answer as to how to proceed is necessary. First, communication with Mr. Ahaiwe has been difficult. He has relayed his vehement dissatisfaction with some of the legal information I have conveyed to him. Second, and perhaps most importantly, there is confusing guidance from district and appeals courts on whether proceeding with an ineffective assistance of counsel claim prior to sentencing is procedurally feasible.

The Sixth Amendment to the Constitution provides a right to effective assistance of counsel in criminal proceedings. The most commonly used statutory vehicle to seek redress when ineffective assistance of counsel has been provided in a criminal proceeding is 28 U.S.C. § 2255. A Section 2255 motion is a broad remedy that allows a federal prisoner to ask a court to vacate, set aside or correct a federal ***sentence*** on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). In other words, only a person who is "in custody" under a *sentence* of a court may file a Section 2255 motion. *Id.*

The statute itself does not provide that a "prisoner in custody" can file a §2255 motion before the court issues a sentence. Furthermore, the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act states that –with few exceptions– the right time to file a §2255 motion is during the year-long term after the conviction becomes final. Based upon a plain reading of the statute, some courts have agreed that a §2255 motion filed before a sentence is imposed should be dismissed as premature. *U.S. v. Bailey*, 1998 WL 214888, at *2 (D.Kan.,1998).

In *Folse*, the District Court for the District of New Mexico dismissed a defendant's motion under 28 U.S.C. §2255 without prejudice as premature because the motion was filed a day before his sentencing hearing. *United States v. Folse*, 2016 WL 1425828, at *1 (D.N.M., 2016). Likewise, in *Nissen*, the Court of Appeals for the Tenth Circuit dismissed a defendant's §2255 motion without prejudice as premature because the motion was filed twelve days before his sentencing hearing. *United States v. Nissen*, 2021 WL 4260761, at *1 (C.A.10 (N.M.), 2021).

In both cases, the courts reasoned that "[defendant's] conviction is not final, because he has not been sentenced, judgment has not been entered, and he has not yet had an opportunity to file a direct appeal. The Court will therefore dismiss [defendant's] §2255 motion without prejudice as premature." See *Folse*, at *2; *Nissen*, at *2. Regarding the finality of a conviction to this end, the Supreme Court of the United States has held that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).

In light of the above, it is necessary to conclude that a defendant seeking relief under 28 U.S.C. §2255 must file a motion after the conviction becomes final. That means that a §2255 motion has to be filed when the defendant has been sentenced, judgment has been entered, and after having the opportunity to file a direct appeal or certiorari. In this regard, the defense takes the position that a §2255 motion filed after the jury conviction, but before the court imposes a sentence, has no chance of prevailing, irrespective of its possible merits.

Although a §2255 motion is the most common procedural vehicle to prosecute ineffective assistance of counsel claims, it is not the only route. Rule 33 of the Federal Rules of Criminal Procedure can also be used to prosecute ineffective assistance of counsel claims. In fact, the Second Circuit Court of Appeals, in *U.S. v. Brown*, 623 F. 3d 104 (2010), held that "the proper procedural avenue for defendants who wish to raise ineffective assistance of counsel claims after conviction, but prior to sentencing, is a motion for new trial pursuant to Federal Rule of Criminal

Procedure 33". In other words, an ineffective assistance of counsel claim can be brought, post-conviction but pre-sentencing, only through Rule 33.

Rule 33 (b), however, provides that the time for a defendant to seek a new trial under this rule is three years after the verdict of guilty, if there is newly discovered evidence, or 14 days after the verdict if there are "other grounds." I have not found, nor have reason to believe I will find, newly discovered evidence not available at trial. Therefore, I can only use the "other grounds" provision of Rule 33, which specifies that a motion under this guise must be filed 14 days after the guilty verdict. That time-period, of course, has already lapsed.

I respectfully request one more week so that I can again speak to Mr. Ahaiwe – who has stated I am not his attorney and asked me not to speak on his behalf to the court – to try to impress upon him the legal reality he faces at this stage of the proceedings. Based on that potential conversation (if accepted by Mr. Ahaiwe), and the legal research synthesized in this letter, I will be in a better position to inform the Court of how Mr. Ahaiwe wishes to proceed and whether those wishes are in accordance with substantive and procedural law.

Respectfully,

*S/Leonardo M. Aldridge*
Leonardo M. Aldridge
CJA Counsel for the Defendant
Phone: (787) 370-9024
E-mail: leoaldridge@hotmail.com

*[Handwritten note:]* The Court grants the defendant the right to bring a new trial motion based on the claimed ineffectiveness of counsel or on any other ground despite the passage of the 14 day deadline. The 9/15/21 order intended to convey that permission. The request for a 1-week extension is granted. Denise Cote 9/24/21