```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :       20cr179-11
           -v-                          :
                                        :       ORDER
VICTOR AHAIWE,                          :
                                        :
                    Defendant.          :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On June 10, 2021, defendant Victor Ahaiwe was convicted at trial of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Ahaiwe was sentenced on February 10, 2022 principally to an 84-month term of imprisonment. He appealed his conviction on February 18. Ahaiwe is currently incarcerated at the Federal Correctional Institute, Terminal Island.

On November 2, the Court received a letter from Ahaiwe, dated October 16, challenging his risk classification level and the conditions of his confinement, and requesting a reduction in his sentence. Ahaiwe's request to change his risk classification level, and his challenge to the conditions of his confinement, are not properly before this Court. Ahaiwe has not raised his request for reclassification of his risk level to the

Bureau of Prisons, and has therefore failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Additionally, Ahaiwe's claims regarding the conditions of his confinement have not been raised in the proper venue. He must bring such claims in a judicial district in which a defendant resides, or in which the events giving rise to his claim occurred, such as the district in which he is incarcerated. 28 U.S.C. § 1391(b).

Ahaiwe also requests that the Court reduce his sentence. A court may grant compassionate release to an inmate if the inmate has exhausted his administrative remedies by requesting compassionate release from his warden, and if there are "extraordinary and compelling reasons" warranting a reduced sentence. 18 U.S.C. § 3582(c)(1)(A). Ahaiwe, however, has appealed his conviction and that appeal remains pending. "As a general matter, the filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). Accordingly, it is hereby

ORDERED that the defendant's request for a reduction of his sentence, and challenge to his risk classification and

conditions of confinement are DENIED. To the extent that this Order qualifies as "the final order in a proceeding under [28 U.S.C. § 2255]," 28 U.S.C. § 2253(c)(1)(B), the defendant has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

IT IS FURTHER ORDERED the Clerk of Court shall mail Ahaiwe a copy of this Order and note mailing on the docket.

Dated:   New York, New York
         December 16, 2022

                                      _____
                                           DENISE COTE
                                      United States District Judge